# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Jacquelyn F.,
**Respondent Below, Petitioner**

**vs) No. 16-0585** (Monongalia County 16-D-13)

**Andrea R.,**
**Petitioner Below, Respondent**

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jacquelyn F., by counsel Linda Hausman and Samantha L. Koreski, appeals the Circuit Court of Monongalia County's May 16, 2016, order remanding this matter to the Family Court of Monongalia County for further proceedings following the family court's March 30, 2016, order dismissing the petition for child custody and parenting time.[1] Respondent Andrea R., by counsel Frances C. Whiteman, filed a response in support of the circuit court's order. Petitioner Jacquelyn F. filed a reply. On appeal, Petitioner Jacquelyn F. argues that the circuit court erred when it remanded this case for further proceedings in the family court, which had properly dismissed Respondent Andrea R.'s petition for child custody and parenting time as a psychological parent for lack of standing under *In re Clifford K.*, 217 W.Va. 625, 619 S.E.2d 138 (2005).[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the pertinent legal authority, the briefs, and the record presented, this Court finds that the circuit court order erred in remanding this case to the family court for further proceedings. This case satisfies the "limited circumstances" requirement of Rule

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We have restated Petitioner Jacquelyn F.'s two assignments of error as a single issue in this decision because they are clearly related issues. The two assignments of error are (1) that the circuit court erred by remanding this matter to the family court for further proceedings when Respondent Andrea R. clearly lacks standing to petition for child custody and parenting time under *In re Clifford K.*, 217 W.Va. 625, 619 S.E.2d 138 (2005) and relevant statutory law; and (2) that the circuit court erred by failing to follow the doctrine of stare decisis regarding this Court's holding in *Clifford K.*

1

21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Petitioner Jacquelyn F. had a son, T.F., in 2006. In January of 2016, Respondent Andrea R. filed a petition for child custody and parenting time as T.F.'s psychological parent.[3] Thereafter, Petitioner Jacquelyn F. filed a motion to dismiss the petition based on Respondent Andrea R.'s lack of standing as a psychological parent to petition for child custody or parenting time.

In March of 2016, the family court held a hearing on Respondent Andrea R.'s petition and the motion to dismiss that petition. By order entered on March 30, 2016, the family court granted Petitioner Jacquelyn F.'s motion to dismiss. In its order, the family court found and concluded that Respondent Andrea R.'s only claim for child custody and parenting time was as a psychological parent and that a psychological parent lacks standing to petition for child custody and parenting time under *Clifford K.*

In April of 2016, Respondent Andrea R. filed a petition for appeal in the circuit court. Soon thereafter, the circuit court held a hearing on the petition for appeal. Following that hearing, by order entered on May 16, 2016, the circuit court remanded the case to the family court "for the development of a full record to determine the best interests of the child and whether [Respondent Andrea R.] is a psychological parent . . . to issue an Order regarding the issue of [Respondent Andrea R.'s] standing to file the instant action, and [to] address the WV case law as well as the best interest of the minor child in making its ruling." This appeal followed.

We have explained that

> [i]n reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syllabus, *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, Petitioner Jacquelyn F. argues that the circuit court erred in remanding this case for further proceedings in the family court. She asserts that the family court's final order properly granted her motion to dismiss because Respondent Andrea R. lacked standing to file a petition for child custody and parenting time as a psychological parent under this Court's holding

---

[3]The parties both make factual assertions not supported by the record on appeal, such as the claim that they were involved in a "domestic" or "romantic" long-term relationship. We note that the record on appeal does not include the petition for child custody and parenting time or any transcripts/recordings of the hearings held below. Thus, while the record before us is sufficient to resolve the legal issue presented, our presentation of the facts in this matter is limited.

in *Clifford K.* Respondent Andrea R. argues that this Court should revisit *Clifford K.* and now hold that a psychological parent may petition for child custody and parenting time.

West Virginia Code § 48-9-103(a) ("Parties to an Action Under this Article") governs which parties are entitled to participate in custody proceedings. As it relates to this case, West Virginia Code § 48-9-103(a)(1) permits the participation of a "legal parent." In turn, a "legal parent" is defined as "an individual defined as a parent, by law, on the basis of biological relationship, presumed biological relationship, legal adoption or other recognized grounds." W.Va. Code § 48-1-232.

In *Clifford K.*, this Court examined West Virginia Code §§ 48-9-103(a) and 48-1-232 as they related to a non-relative, third-party petitioner seeking custody of a child. In that case, this Court explained that "[t]he phrase 'other recognized grounds' [used to define a "legal parent" in West Virginia Code § 48-1-232] refers to those individuals or entities who have been formally accorded parental status or the functional equivalent thereof by way of statute or judicial decree." *Clifford K.*, 217 W.Va. at 629, 619 S.E.2d at 142, syl. pt. 1, in part. While the petitioner in *Clifford K.* was found to be a psychological parent to the child, this Court held that she was nevertheless foreclosed from seeking custody of the child as a "legal parent" because she did not fit the definition of that phrase.

As in *Clifford K.*, it is clear that Respondent Andrea R. could not establish that she met the definition of a "legal parent" such that she had standing to file a petition for child custody of or parenting time with T.F. She admits that she was not a party to any prior custody proceedings and that she is not a biological or adoptive parent of T.F. "Generally, standing is defined as '[a] party's right to make a legal claim or seek judicial enforcement of a duty or right.'" *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W.Va. 80, 94, 576 S.E.2d 807, 821 (2002) (quoting Black's Law Dictionary 1413 (7th ed.1999)). "Our standing inquiry focuses on the appropriateness of a party bringing the questioned controversy to the court." *Findley*, 213 W.Va. at 95, 576 S.E.2d at 822 (internal quotation omitted). Because she is not a "legal parent" as defined by statute and, thus, lacks standing to petition for child custody and parenting time, we find that Respondent Andrea R. had no right to make her legal claim in the courts of this State. The family court correctly found that our holding in *Clifford K.* controls and that dismissal was required.

Having reviewed the record on appeal, the parties' arguments, and the relevant authority, we find that the circuit court erred in remanding this case to the family court for further proceedings where standing of the petitioning party is lacking. Further, we decline Respondent Andrea R.'s invitation to revisit our holdings in *Clifford K.* based on the circumstances of this case. We note that the statutes upon which *Clifford K.* is based have not been amended.

For the foregoing reasons, this Court reverses the circuit court's May 16, 2016, final order and remands for entry of an order affirming the family court's March 30, 2016, final order.

Reversed and remanded with directions.

**ISSUED:** June 16, 2017

3

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4